NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 29, 2015[*]
Decided November 30, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 15-1556

| | |
|---|---|
| JOSE VASQUEZ, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:14-cv-00260-JMS-DKL |
| CHARLES A. DANIELS, | |
| *Respondent-Appellee*. | Jane Magnus-Stinson, *Judge*. |

**O R D E R**

Jose Vasquez, a federal prisoner, appeals the denial of his petition for a writ of habeas corpus, see 28 U.S.C. § 2241, alleging that he was denied due process in a prison disciplinary hearing. Because Vasquez was afforded the required procedural protections and some evidence supports the finding of guilt, we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

In May 2013, while incarcerated at the federal correctional institute in Otisville, New York, Vasquez was called into a lieutenant's office because he was suspected of having contraband. The lieutenant ordered Vasquez to empty his pants pockets. As Vasquez did so, he tossed a rolled-up piece of paper towel into the trash can. The lieutenant asked Vasquez what was in the paper towel and he responded that it was tea. The lieutenant inspected the substance in the paper towel and believed it to be tobacco. Later that day he charged Vasquez in an incident report with two offenses: destroying or disposing of an item during a search, see 28 C.F.R. § 541.3, Table 1, Offense 115, and possessing tobacco, *id.* at Offense 331. Vasquez received that evening a copy of the incident report and several days later, a form setting forth his rights at the upcoming disciplinary hearing. On that form he indicated that he was waiving his right to staff representation and to present witnesses.

At his disciplinary hearing, held two weeks after he received notice of the incident report, Vasquez admitted throwing the paper towel in the garbage but maintained that the substance inside was not tobacco. Based on the incident report, Vasquez's own admission, and a photograph that the lieutenant had taken of the paper towel, the hearing officer found him guilty of disposing of an item during a search; the officer, however, expunged the charge of possessing tobacco. Vasquez was disciplined with 30 days' segregation, a loss of 41 days' good-time credit, and 6 months' loss of commissary privileges. Vasquez appealed administratively, challenging the expunged charge but raising no argument about the charge of which he actually had been found guilty. His appeal was denied.

Vasquez then petitioned under § 2241 to restore his good-time credit, arguing that he was sanctioned without due process because he did not receive adequate notice that he was charged with disposing of an item. He asserted that the charge was added in retaliation for his refusal to plead guilty to possessing tobacco, and that he was unrepresented at the hearing. He also argued that the hearing officer improperly based his decision on hearsay testimony and that there was no evidence that the item he threw in the trash was contraband.

The district court denied his petition, explaining that Vasquez received all the process that he was due. The court rejected Vasquez's bare conjecture that any charge was added in retaliation because the prison followed its established procedures in disciplining him. Moreover, Vasquez was not entitled to representation at the hearing, and the hearing officer was permitted to rely on hearsay statements. Finally, the court explained that it didn't matter whether the item Vasquez threw away actually was

contraband because the charge of which he was found guilty does not require that the disposed item be contraband.

On appeal Vasquez maintains that the evidence was insufficient to find him guilty. He contends, for instance, that the item he threw away was not tobacco. But due process requires only "some evidence" to support the hearing officer's decision, *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); see *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003), and the hearing officer's determination was supported by the incident report, see *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999), the photograph of the paper towel, and Vasquez's own admission that he threw the paper towel in the trash after he was asked to empty his pockets. He was found guilty of throwing away *any item* during a search; that the item was not contraband makes no difference.

Vasquez also asserts that the district court incorrectly determined that he was not entitled to representation at the disciplinary hearing despite his lack of English proficiency and a low IQ. But the record reflects that Vasquez waived his right to staff representation after receiving notice that he was entitled to it before his hearing, and acknowledging at the hearing that he understood that right.

Finally, Vasquez renews his argument that he did not receive adequate notice that he was charged with disposing an item because it was added to the incident report at the hearing. A prisoner is entitled to written notice of the charges against him 24 hours in advance of a disciplinary hearing. See *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974); *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). But the record reflects that Vasquez received ample notice of both charges. The incident report completed by the lieutenant lists both charges, and was given to Vasquez more than two weeks before his hearing.

AFFIRMED.